J-S33016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES LEE STANLEY | : | |
| | : | |
| Appellant | : | No. 91 MDA 2019 |

Appeal from the PCRA Order Entered December 13, 2018
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0001321-2005,
CP-06-CR-0003610-2004

BEFORE:  LAZARUS, J., OTT, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY OTT, J.:          **FILED SEPTEMBER 10, 2019**

James Lee Stanley appeals, *pro se*,[1] from the order entered on December 13, 2018, in the Court of Common Pleas of Berks County, denying Stanley relief on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 41 Pa.C.S. § 9541 *et seq*.  After granting counsel's motion to withdraw, the PCRA court determined Stanley's petition, his third, was untimely and none of the statutory timeliness exception found in the PCRA applied.  Stanley filed this timely appeal.  After a thorough review of the submission by the parties, relevant law, and the certified record, we quash the appeal for failure to follow our Supreme Court's ruling in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018).

---

[1] The PCRA court allowed appointed counsel to withdraw from representation after filing a ***Turner/Finley*** no-merit letter.

*Walker* requires an appellant to file separate notices of appeal where a single order disposes of issues under multiple docket numbers. Stanley's PCRA petition and appeal both address his convictions under docket numbers CP-06-CR-3610-04 and CP-06-CR-1321-05. Accordingly, Stanley was required to file separate appeals for each docket. He did not. Therefore, under the dictates of *Walker*, we quash the appeal.[2]

Appeal quashed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2019

---

[2] In addition to applying *Walker*, we also reviewed Stanley's claim and the PCRA court's disposition of the petition. We see no error in the PCRA court's finding that the petition, filed approximately eight years late, was untimely and none of the statutory timeliness exceptions found at 42 Pa.C.S. § 9545(b)(1) applied. Had we addressed the merits of this appeal in the body of this decision, Stanley would not have prevailed. However, because of our disposition of this matter, we will not provide an analysis of the issue.